IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) DARLA NORDSTROM,** INDIVIDUALLY, AND AS NEXT OF KIN OF **(2) RUSS NORDSTROM,** DECEASED, <br><br>   PLAINTIFFS, <br><br> v. <br><br> **(1) FARMERS INSURANCE COMPANY, INC.,** <br><br>   DEFENDANT. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CASE NO: CIV-24-231-D |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference: April 9, 2024

Appearing for Plaintiff:  Terry McKeever

Appearing for Defendant: Kelsie Sullivan and Emillie Cain

**Jury Trial Demanded X  -  Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT**.  State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

Plaintiffs: Darla Nordstrom and Russ Nordstrom (now deceased) own property (a home), the subject of this lawsuit, in Newalla, Oklahoma (the "Property"). They insured the Property with Defendant Farmers Insurance Company under an insurance contract (the "Policy"). The Property was severely damaged from a covered loss and a claim was filed with Farmers.

Farmers initially adjusted the claim and claimed replacement costs for the damage to the roof (denying any damage to the gutters) were less than the policy's deductible (of $6,000.00). Farmers acknowledged that the roof's shingles had been discontinued but denied that this required a new roof.

Plaintiff's estimate is that a new roof is needed, and replacement costs exceed $44,000.00.

Plaintiff alleges she is entitled to contractual, tort, and punitive damages (more than $75,000.00).

FICO denies Plaintiff's claims and asserts it conducted a reasonable investigation under the circumstances, based its claim decisions on its reasonable investigation and the insurance contract. It further denies it acted in bad faith investigating the claim and denies that it breached the insurance contract. FICO denies that Plaintiff is entitled to damages, including punitive damages.

2. **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

    This Court has original jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. There are no objections to this Court's jurisdiction.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

    1. Defendant is a corporation organized under the laws of the State of Kansas, with its principal place of business in the State of Kansas, and is therefore a citizen of the State of Kansas.

    2. Plaintiff is a citizen of the State of Oklahoma.

    3. The damages alleged in this case exceed $75,000.00, exclusive of costs, attorney fees, and Plaintiff's claim for punitive damages.

    4. Defendant insured property located at 8750 Payton Ln, Newalla, Oklahoma 74857 under policy number 30350-92-47 which was in effect from November 8, 2022, until November 8, 2023, subject to its terms, conditions, and exclusions.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

    a.    Plaintiff: Plaintiff alleges that Defendant breached the insurance policy it drafted and issued to Plaintiff by failing to pay the full amount of damages sustained by the Property as a result of a covered loss. Plaintiff also alleges that Defendant breached its duty of good faith and fair dealing in handling the claim. Plaintiff is entitled to compensatory and punitive damages.

    b.    Defendant: FICO denies that it breached the insurance contract or acted in bad faith in this matter, and further denies that Plaintiff is entitled to any relief in this matter. FICO claims all limitations on damages and relief afforded by Oklahoma and federal law, including, but

not limited to 23 O.S. §§ 9.1, 15, 21, & 61, including all applicable subparts thereto. If Plaintiff sustained any damages, which FICO denies, any assessment of punitive and exemplary damages would violate FICO's right of due process of law and the excessive fines provision of the Constitution of the United States of America and the State of Oklahoma. Plaintiff's claims are barred, in whole or in part, because any damages suffered were not proximately caused by FICO's conduct. Plaintiff's claim fails as a matter of law because there existed a legitimate dispute as to coverage and/or Plaintiff's entitlement to policy benefits. Plaintiff's claims may be barred by the doctrines of accord and satisfaction and payment. Conditions precedent and subsequent to the recovery of insurance proceeds under the subject contract of insurance have not been satisfied. Plaintiff failed to mitigate her damages. Plaintiff's claim is barred in whole or part by applicable contractual and/or statutory limitations or provisions.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

   ☐ Yes  X No

6. **MOTIONS PENDING AND/OR ANTICIPATED**
Defendant anticipates filing a Motion for Summary Judgment on Plaintiff's bad faith and breach of contract theories.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ☐ Yes   X No
If "no," by what date will they be made?  ___April 23, 2024___

8. **PLAN FOR DISCOVERY**.

   A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on __April 9, 2024_____.

   B. The parties anticipate that discovery should be completed within _6_ months.

   C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? _____5 Months_____.

   D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

      X Yes ☐ No

    E.      Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

           X Yes ☐ No

           To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

           Parties will inform the non-producing party of any inadvertent disclosure within 10 days after discovery of the inadvertent production. The parties agree to isolate the documents pending determination of any privilege by the Court as necessary.

    F.      Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

           Dependent upon the discovery requested by Plaintiffs, Defendant may request a protective order re confidential documents.

9. **ESTIMATED TRIAL TIME**: _____4-5 Days_____

10. **BIFURCATION REQUESTED**: X Yes    ☐ No

Defendant request bifurcation of any claim for punitive damages to a second stage proceeding in accordance with Oklahoma law.

11. **POSSIBILITY OF SETTLEMENT**:   ☐ Good    X Fair ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A.      Compliance with LCvR 16.1(a)(1) - ADR discussion:  X Yes    ☐ No

    B.      The parties request that this case be referred to the following ADR process:

           ☐ Court-Ordered Mediation subject to LCvR 16.3
           ☐ Judicial Settlement Conference

    ☐ Other _____
    X None - the parties do not request ADR at this time.

13. <u>Parties consent to trial by Magistrate Judge</u>? ☐ Yes X No

14. <u>Type of Scheduling Order Requested</u>. X Standard - ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 15th day of April, 2024.

            *s/Terry M. McKeever*
            *(signed with permission)*
            Counsel for Plaintiff

            *s/Emillie L. Cain*
            Counsel for Defendant