**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DARLA NORDSTROM,<br>Individually, and as next of kin of<br>RUSS NORDSTROM, deceased,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS INSURANCE COMPANY, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-24-231-D |

**ORDER**

Before the Court is the parties' Joint Motion to Enter Protective Order [Doc. No. 16]. Upon consideration, the motion is denied without prejudice to its resubmission. The proposed protective order is generally overbroad in its scope, purporting to apply to broad categories of information and, arguably, any material a party reasonably believes to be confidential. Further, the proposed protective order appears to allow confidential documents to be redacted and filed under seal without leave of Court.[1]

**IT IS THEREFORE ORDERED** that the parties' Joint Motion to Enter Protective Order [Doc. No. 16] is **DENIED** without prejudice. If the parties choose to resubmit their

[1] On this point, the Court routinely enters agreed protective orders that contain the following (or similar) language: "In the event a Party or non-party seeks to file any document containing Confidential Information with the Court, the Party or non-party must take appropriate action to ensure that the document receives proper protection from public disclosure by seeking permission to file the document under seal as required by the Court's ECF Policies & Procedures Manual §§ II(H) and III(A). Nothing in this Order will be construed as a blanket directive to allow any document to be filed under seal."

motion, they should address the matters set forth above and, generally, should ensure that the proposed protective order is clear and concise.[2]

**IT IS SO ORDERED** this 19th day of September, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

[2] Paragraph 4 of the proposed protective order provides that "[n]othing in this Order shall have the effect of prohibiting a party from producing its own Confidential Information that exists separate from this lawsuit." The purpose of that language is not readily apparent, and the Court directs the parties to include only necessary language in any resubmitted proposed order.